SCHNEIDER FUEL & SUPPLY COMPANY and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*February 12—March 9, 1937.*

*Charles H. Gorman* of Milwaukee, for the appellants.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Masiakowski there was a brief by *Fons, Stoecker & Wagner* of Milwaukee, and oral argument by *Leonard C. Fons.*

NELSON, J.    On August 15, 1934, Edw. Masiakowski, while performing services as an employee of Schneider Fuel & Supply Company, sustained an accidental injury to his knee.  Masiakowski thereafter applied for compensation.  On September 16, 1935, after two hearings had, the examiners for the commission found, among other things, that the applicant was totally disabled from September 27, 1934, to and including October 24, 1934, that he was thereafter temporarily totally disabled for twelve weeks, and that he had sustained as a result of the accident a permanent disability equivalent to fifteen per cent of that disability which he would have sustained had he lost his leg at the knee.  Upon petition made by the applicant to the commission for a review, the findings and order of the examiners were affirmed on October 7, 1935.  On October 25, 1935, the commission entered an order, setting aside the findings of fact and order of the examiners and the commission's order of October 7, 1935, and ordered that the matter be scheduled for further hearing, for the reason that a mistake had been discovered

by it. No further hearing was had because of the commencement of this action.

The plaintiffs contend, (1) that the commission was without jurisdiction to enter the order dated October 25, 1935, because more than twenty days had elapsed subsequent to the date of the examiners' findings and award, sec. 102.18 (4), Stats., and (2) that under the provisions of sec. 102.18 (4) the commission had no authority to set aside its order, findings, or award unless within twenty days from the date thereof it discovered an *actual* mistake in its findings or award. *Jordan v. Weinman,* 167 Wis. 474, 167 N. W. 810; *Welhouse v. Industrial Comm.* 214 Wis. 163, 252 N. W. 717; *Seaman Body Corp. v. Industrial Comm.* 214 Wis. 279, 252 N. W. 718; *Edward E. Gillen Co. v. Industrial Comm.* 219 Wis. 337, 263 N. W. 167.

Upon the oral argument of this case, the court questioned the right of the plaintiffs to bring an action to review an order of the commission, which sets aside its award upon its discovering what appears to it at the time to be a mistake therein and which schedules the matter for further hearing, before further hearing and an order or award. If the action to review the order was prematurely brought, then no jurisdiction was conferred upon the circuit court for Dane county and no jurisdiction except to dismiss the appeal was conferred upon this court. After carefully considering the question, we are of the opinion that the action to review the order was prematurely brought.

Sec. 102.23 (1), Stats., in part provides:

"(1) The findings of·fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive; and the *order or award,* either interlocutory or final, whether judgment has been rendered thereon or not, shall be subject to review only in the manner and upon the grounds following: Within thirty days from the date of the order or award of the commission as a body any party aggrieved thereby may commence, in the circuit court for Dane county,

an action against the commission for the review of such *order or award,* in which action the adverse party shall also be made defendant."

The words "order or award," in our opinion, clearly relate to an order which denies compensation to an applicant, or awards compensation to him, and do not include every order which the commission may make during the pendency of such proceedings. To construe those words as including or covering every order made by the commission or an examiner in compensation proceedings would doubtless result in the bringing of numerous actions to review orders to the serious detriment of those seeking compensation, and in contravention of the spirit of the compensation act, the purpose of which is to give prompt relief to injured employees who are entitled to compensation. When the commission sets aside an award upon discovering a mistake therein, and schedules the matter for further hearing, it does not necessarily follow that upon further hearing the award will be changed in any such respect as to aggrieve a party to the proceeding. If it is not so changed, neither an employer nor his insurance carrier who does not object to the original award would be aggrieved thereby. In *Seaman Body Corp. v. Industrial Comm., supra,* the employer brought an action to review an order of the Industrial Commission, which set aside an award theretofore made by it, on the ground of newly-discovered evidence. The action was commenced after a subsequent hearing was had but before a final order or award was made. The point that the action was prematurely brought was neither adverted to nor considered by this court, so we do not think that that case should be considered as authority for the proposition that an action may be brought to review such an order before further hearing and final order or award. It is our opinion that the orderly and proper course to pursue, and that which the legislature intended should be pursued, is not to bring an action to review an order setting aside an award until further hear-

ing is had and an order or award is made. Such an order may then be reviewed. Neither an employer nor his insurance carrier, by participating in a further hearing, will thereby waive or lose the right to question or to have reviewed an order of the commission which set aside an award, upon discovering what in its opinion is a mistake therein, or upon the ground of newly-discovered evidence.

Since the action to review was prematurely commenced, no jurisdiction was conferred upon the circuit court for Dane county and no jurisdiction was conferred upon this court by appealing from the judgment rendered by that court.

*By the Court.*—The appeal is dismissed.