HARRISON, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*October 12—November 14, 1944.*

For the appellant there was a brief by *Kuehnl & Malloy* of Kenosha, and oral argument by *John F. Kuehnl.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FAIRCHILD, J. The order of the Industrial Commission confirming the compromise is not an appealable order. Only orders denying or awarding compensation are subject to

judicial review. *Schneider Fuel & Supply Co. v. Industrial Comm.* (1937) 224 Wis. 298, 301, 272 N. W. 25. This order neither denies compensation nor does it make an award.

Sec. 102.16 (1), Stats., under which the order of th. commission was entered, reads:

"Any controversy concerning compensation, including any in which the state may be a party, shall be submitted to said commission in the manner and with the effect provided in this chapter. Every compromise of any claim for compensation may be reviewed and set aside, modified or confirmed by the commission within one year from the date such compromise is filed with the commission, or from the date an award has been entered, based thereon, or the commission may take such action upon application made within such year. . . ."

This section gives the commission the exclusive and absolute discretion to review, set aside, modify, or confirm compromises. The commission in the exercise of that power determined that at the time of the compromise a dispute existed between the parties and that the compromise was fair and equitable. It has therefore confirmed the compromise.

No fraud is claimed and the circuit court, having no jurisdiction to review the order, properly dismissed the action.

*By the Court.*—Judgment affirmed.