CRANSTON and another, Appellants, vs. INDUSTRIAL COMMISSION and others, Respondents.

*November 16—December 19, 1944.*

The cause was submitted for the appellants on the brief of *Strehlow & Cranston* of Green Bay, and for the respondent

Industrial Commission on the brief of the *Attorney General* and *Mortimer Levitan*, assistant attorney general.

FAIRCHILD, J.   The trial court held that: "This court has no power to enlarge or shrink the amount which the Industrial Commission allows as attorneys' fees in a compensation case." And there was entered below the order sustaining the demurrer to the complaint.

The act of the Industrial Commission in failing to allow an attorney a higher fee in a given matter than ten per cent of the award is not reviewable by the courts in an action by the attorneys.   A review under the compensation act is statutory and no such right exists unless the statute confers it. *In re Farmers Exchange Bank* (1943), 242 Wis. 574, 578, 579, 8 N. W. (2d) 535, 9 N. W. (2d) 595.

Sec. 102.23, Stats., prescribes the procedure to be followed in obtaining review of Industrial Commission's orders and awards.   It provides that any "party aggrieved" by an order or award of the commission may commence an action in circuit court for a review within thirty days after the order or award is made.   At the outset, it may be said that an attorney representing a claimant for compensation is not to be considered a "party" within the meaning of that section.   Sec. 102.16, governing the submission of disputes provides that "any controversy concerning compensation, . . . may . . . be submitted" and it follows that "parties" under the act, refer to parties to such controversy, *i. e.,* those persons claiming compensation and those persons resisting the claim.

It has been held that only orders denying or awarding compensation are subject to judicial review.   *Schneider Fuel & Supply Co. v. Industrial Comm.* (1937) 224 Wis. 298, 272 N. W. 25; *Harrison v. Industrial Comm.* (1944) *ante,* p. 106, 16 N. W. (2d) 303.   The word "compensation," as used in the statute, applies only to the money award paid to the injured worker for his loss.   The action of the commission·

in refusing to allow an attorney an amount larger than ten per cent cannot be considered an order denying or awarding compensation.

The chief concern of the legislature in framing the Workmen's Compensation Act was to make sure that the injured employee would be compensated for an injury suffered, and to place the burden thereof, as far as it could be measured in dollars, upon industry. A scheme was devised to make a recovery or to secure this allowance as simply and directly as possible. Realizing that some situations would develop where advice from lawyers would be of help to the commission, the employee, and the employer, provision was made so far as the employee's side of the case was concerned limiting any fee to ten per cent unless the commission "shall upon application of any interested party and subject to the provisions of subsection (2) fix the fee of his attorney." Sec. 102.26 (3), Stats. The terms of the statute would therefore be a part of, and in this particular would control, any contract made by the attorney with his client in such matter.

This leaves no room for a challenge of the constitutionality of sec. 102.26 (2), Stats., imposing upon the commission the duty of fixing attorneys' fees. The legislature, in the interest of the public welfare, can regulate the amount of attorneys' fees in compensation cases. Such regulations have been held, almost universally, to be within the field of the legislature's police powers. *In re Yeiser* (1923), 110 Neb. 65, 192 N. W. 953, 954; *Yeiser v. Dysart* (1925), 267 U. S. 540, 45 Sup. Ct. 399, 69 L. Ed. 775.

It has never been a rule of constitutional law that all administrative acts must be subject to judicial review. *Reetz v. Michigan* (1903), 188 U. S. 505, 23 Sup. Ct. 390, 47 L. Ed. 563; Report of the Attorney General's Committee on Administrative Procedure, pp. 75 to 94. Such a requirement would cripple administrative action and impose an impossible task upon the courts.

In *Schneider Fuel & Supply Co. v. Industrial Comm.,* *supra,* this court held there could be no review of an order setting aside an award on the ground of mistake. Likewise, in *Harrison v. Industrial Comm., supra,* a refusal to set aside a compromise agreement was denied review. The constitutionality of such actions was not questioned in those cases. They did not, of course, involve a consideration of attorneys' fees. But there is nothing in the situation presented which takes the proposition of attorneys' fees out of the class of mere incidents and places it as one for prime consideration. "Simplicity of procedure, rapidity and certainty in procuring payment, and receipt by the injured of the bulk of the award instead of large payments therefrom for services in obtaining it was the end looked to and accomplished by this remedial legislation." *Matter of Fisch* (1919), 188 App. Div. 525, 530, 177 N. Y. Supp. 338.

Since there is no provision for review of this type of incidental order of the commission, and as there is no basis for an attack on the statute as unconstitutional, the demurrer was properly sustained.

*By the Court.*—Order affirmed.