MEYER, Appellant, v. INDUSTRIAL COMMISSION and others, Respondents.

*March 10—April 4, 1961.*

378

For the appellant there was a brief by *Smith, Puchner, Tinkham & Smith,* attorneys, and *C. Duane Patterson* of counsel, all of Wausau, and oral argument by *Mr. Richard P. Tinkham* and *Mr. Patterson.*

For the respondent Industrial Commission the cause was argued by *Mortimer Levitan,* assistant attorney general, with whom on the brief was *John W. Reynolds,* attorney general.

For the respondents Alexander and Employers Mutual Liability Insurance Company there was a brief by *Wickham, Borgelt, Skogstad & Powell,* attorneys, and *Edward H. Borgelt* and *Edmund W. Powell* of counsel, all of Milwaukee, and oral argument by *Edmund W. Powell.*

BROADFOOT, J.   The plaintiff is of the opinion that the only decision of this court holding that orders confirming a compromise agreement or release are not subject to review has been *Harrison v. Industrial Comm.* 246 Wis. 106, 16 N. W. (2d) 303. He contends that said rule should not be applied in this case because the facts are different; the reasoning of the *Harrison Case* is erroneous; that *Moore v. Industrial Comm.* 4 Wis. (2d) 208, 89 N. W. (2d) 788, overruled the *Harrison Case* by implication; and that if the rule of the *Harrison Case* is applied here it would violate plaintiff's rights to due process of law.

In the case of *Schneider Fuel & Supply Co. v. Industrial Comm.* 224 Wis. 298, 272 N. W. 25, an action had been commenced to review an order of the commission which set aside an award theretofore made by it on the ground of mistake. The circuit court confirmed the order and the employer there appealed. This court dismissed the appeal. In construing the provisions of sec. 102.23 (1), Stats., this court said (p. 301):

"The words 'order or award,' in our opinion, clearly relate to an order which denies compensation to an applicant, or awards compensation to him, and do not include every order which the commission may make during the pendency of such proceedings. . . . It is our opinion that the orderly and proper course to pursue, and that which the legislature intended should be pursued, is not to bring an action to review an order setting aside an award until further hearing is had and an order or award is made. Such an order may then be reviewed."

In *Berg v. Industrial Comm.* 236 Wis. 172, 294 N. W. 506, an examiner made an order denying compensation. The commission set aside the order of the examiner and ordered a further hearing. Following the hearing, the commission made an award of compensation. Action was brought to review said order and also to review the action of the commission in setting aside the order of the examiner, on the theory that it was an intermediate order as indicated in the *Schneider Case, supra.* In the *Berg Case* we said (p. 179) :

"However, as is contended by respondents, the commission's order of July 1, 1938, is not subject to judicial review in this action or otherwise. As we held in *Schneider Fuel & Supply Co. v. Industrial Comm.* 224 Wis. 298, 301, 272 N. W. 25, no action to review such an order setting aside an examiner's findings and award and ordering the matter scheduled for further hearing is authorized by the compensation act; and the only purpose for which an action can be maintained under sec. 102.23 (1), Stats., is to review either an award of compensation or an order which denies compensation. Likewise, because there is no statutory provision authorizing judicial review at any other time of such an intermediate order, there can be no review of the commission's order of July 1, 1938. In this respect we must withdraw the *obiter dictum* statement in the *Schneider Fuel & Supply Co. Case, supra,* that such an order may be reviewed in an action brought to review a subsequent award or an order denying compensation."

In the *Harrison Case, supra,* there was a compromise agreement which was approved by the commission. Thereafter application was made to the commission to set aside the compromise agreement. An examiner, following a hearing, entered an order confirming the compromise agreement, which was affirmed by the commission. The employee commenced an action to review the order of the commission which was affirmed by the circuit court and there was an appeal. In that case we said (p. 107):

"The order of the Industrial Commission confirming the compromise is not an appealable order. Only orders denying or awarding compensation are subject to judicial review. *Schneider Fuel & Supply Co. v. Industrial Comm.* (1937), 224 Wis. 298, 301, 272 N. W. 25. This order neither denies compensation nor does it make an award.

"Sec. 102.16 (1), Stats., under which the order of the commission was entered, reads:

" 'Any controversy concerning compensation, including any in which the state may be a party, shall be submitted to said commission in the manner and with the effect provided in this chapter. Every compromise of any claim for compensation may be reviewed and set aside, modified, or confirmed by the commission within one year from the date such compromise is filed with the commission, or from the date an award has been entered, based thereon, or the commission may take such action upon application made within such year.'

"This section gives the commission the exclusive and absolute discretion to review, set aside, modify, or confirm compromises. The commission in the exercise of that power determined that at the time of the compromise a dispute existed between the parties and that the compromise was fair and equitable. It has therefore confirmed the compromise."

Although the *Schneider* and *Berg Cases, supra,* did not deal with compromise agreements or releases, they dealt

with the question of reviewable orders under the provisions of sec. 102.23 (1), Stats. Since 1937 this court has been consistent in the construction of that section. In substance these cases hold that some orders of the commission are not subject to review. Authority therefor must be found in the statutes. Since 1944 we have held that the commission has the exclusive and absolute discretion to review compromise agreements and compromise releases. Even though the facts in this case differ from those in the cases ‘construing what orders of the commission are reviewable, that does not change the wording or construction of the statute and no factual difference can change the law. Assuming, but not admitting, that the reasoning in said cases was erroneous, the rule has become part of the statute and an attempt at this date to overrule our prior decisions would be an exercise of judicial legislation. In *Thomas v. Industrial Comm.* 243 Wis. 231, 240, 10 N. W. (2d) 206, we said:

"The decision was handed down in 1932 and the construction of the statute adopted has by the well-established doctrine of this court become a part of the statute. In *Eau Claire Nat. Bank v. Benson,* 106 Wis. 624, 627, 82 N. W. 604, the court said:

" 'Courts are not responsible for the law. It is their province to declare and apply it and to construe statutes and constitutions in accordance with the will of the lawmaking power, where construction becomes necessary. When such construction has once been given to a law and finally established as a part thereof, it is as much a part of it as if embodied therein in plain and unmistakable language. *State ex rel. Heiden v. Ryan,* 99 Wis. 123. When that situation exists it is the province of the legislature alone to change the law. The court should not attempt it, whatever may be the notions of judges as to what the law ought to be.' " ·

The above rule was cited with approval in *Safe Way Motor Coach Co. v. Two Rivers,* 256 Wis. 35, 46, 39 N. W.

(2d) 847. Therefore any change in the language of the statute because of our construction should be made by the legislature.

We find nothing in our opinion in the *Moore Case, supra,* that can be construed as overruling the *Harrison Case* by implication. We were there construing sec. 102.18 (4), Stats., and the case involved an application to set aside an examiner's order in a compensation case because of newly discovered evidence. In fact, both the *Schneider* and *Harrison Cases* were mentioned in the opinion, and we stated (p. 216):

"These cases merely hold that court proceedings may not be instituted under sec. 102.23 (1), Stats., to review any order of the commission except one denying or granting compensation."

The plaintiff does not attack the constitutionality of any section of the Workmen's Compensation Act but contends that the interpretation and application of the statutes by denying to him a review of the commission's order results in a denial of due process and hence would be unconstitutional. The case of *Cranston v. Industrial Comm.* 246 Wis. 287, 16 N. W. (2d) 865, is further authority for the rule that a review under the compensation act is statutory and no such right exists unless the statute confers it. In that case we said (p. 290):

"It has never been a rule of constitutional law that all administrative acts must be subject to judicial review. *Reetz v. Michigan* (1903), 188 U. S. 505, 23 Sup. Ct. 390, 47 L. Ed. 563; Report of the Attorney General's Committee on Administrative Procedure, pp. 75 to 94. Such a requirement would cripple administrative action and impose an impossible task upon the courts."

Further, the plaintiff is in no position to attack the constitutionality of the statute in question because he has ac-

cepted the benefits of the act and retains those benefits. *Schutt v. Kenosha,* 258 Wis. 83, 44 N. W. (2d) 902; *Beck v. Hamann,* 263 Wis. 131, 56 N. W. (2d) 837.

The trial court was correct in its determination that there is no statutory provision for a review of the commission's order that is challenged, and therefore the trial court had no jurisdiction to grant the relief asked by the plaintiff. Since the case is determined upon the jurisdictional issue, we do not reach the other arguments advanced by the plaintiff.

*By the Court.*—Order affirmed.