William GUERIN, Plaintiff-Appellant,

v.

LABOR & INDUSTRY REVIEW COMMISSION and City of West
Allis, Defendants-Respondents.†

Court of Appeals

No. 84–124. Submitted on briefs August 28, 1984.—
Decided October 5, 1984.
(Also reported in 359 N.W.2d 162.)

For the plaintiff-appellant the cause was submitted
on the briefs of *Gimbel, Gimbel & Reilly,* with *D. Michael
Guerin* of counsel, for Milwaukee.

For the defendants-respondents the cause was sub-
mitted on the briefs of *Bronson C. La Follette,* attorney
general, with *Bruce A. Olsen,* assistant attorney general,
of counsel, of Madison.

† Petition to review denied.

Before Wedemeyer, P.J., Moser and Sullivan, JJ.

WEDEMEYER, P.J. William Guerin appeals from a judgment dismissing his petition for review of an order of the Labor and Industry Review Commission which denied his claim for disability benefits as a police officer under sec. 66.191, Stats. The commission ruled that Guerin's claim was premature because he had not retired from his job. The circuit court held that the order dismissing Guerin's claim for benefits was not "an order or award granting or denying compensation" under sec. 102.23(1), Stats., and therefore was not reviewable. We agree and affirm.

Guerin was employed as a City of West Allis police officer from 1954 to the present. During 1974, he was injured when the squad car in which he was riding was struck by two other vehicles. The accident resulted in injuries to his face, lower back, neck and right knee. He received disability pay for these injuries. During 1978, he fell between some railroad tracks while pursuing a man carrying a rifle. He injured his right knee to the extent that it required surgery. This combination of injuries and the disability resulting therefrom precipitated an informal assignment to light duty.

Section 66.191(1), Stats., provides in part: "A disability of such a nature as to require reduction in pay or position or assignment to light duty or to adversely affect promotional opportunities within the service is deemed sufficient to permit the employe the option of retirement." Without retiring, Guerin filed a claim with West Allis seeking a determination of eligibility for special disability benefits provided under sec. 66.191(1). His claim was denied. He requested a hearing before an examiner. There he argued that his transfer to light duty met the requirements of sec. 66.191(1). The examiner ruled that Guerin's action was premature because he had not retired; the examiner thus did not reach the

merits of Guerin's claim. Guerin then petitioned the commission for review of the examiner's order. The commission affirmed. Next, Guerin instituted a proceeding to review the commission's order in the circuit court. The circuit court determined that an order dismissing Guerin's claim for benefits as premature did not fall within the category of commission orders that are reviewable by the circuit court. From this determination, Guerin appeals.

The question whether the circuit court has jurisdiction to hear a claim arising out of an order from the commission is one of law, and therefore no deference need be given to the circuit court's determination. *Board of Regents v. Wisconsin Personnel Committee*, 103 Wis. 2d 545, 551, 309 N.W.2d 366, 369 (Ct. App. 1981).

Section 102.23(1), Stats., provides in part: "The order or award granting or denying compensation, either interlocutory or final, whether judgment has been rendered thereon or not, is subject to review . . . ." Guerin's claim sought to determine whether he was eligible for benefits under sec. 66.191(1), Stats. The specific issue we must decide is whether this order is an "order or award granting or denying compensation." Sec. 102.23 (1).

Guerin contends that when the commission denied his claim as premature, it in effect denied him compensation. He cites *Chevrolet Division, General Motors Corp. v. Industrial Commission*, 31 Wis. 2d 481, 486, 143 N.W. 2d 532, 535 (1966) (footnote omitted), where the court stated: "[W]hether or not a particular determination of an administrative agency constitutes a reviewable order is gauged by the substance of what the agency has purported to do, and not necessarily by the label placed upon such determination." We have no quarrel with this axiom, but question its applicability to this case. The commission rejected Guerin's claim only because it was

premature. The merits of the claim were not considered. Guerin was not prejudiced, as the merits may still be determined. Deferral is not synonymous with denial. The substance of the commission's action was to wait until the potential claim was ripened by Guerin's retirement.

The original phrase "order or award," and the later adopted phrase "granting or denying compensation," have been construed by the supreme court. Before the latter phrase was enacted, *Schneider Fuel & Supply Co. v. Industrial Commission*, 224 Wis. 298, 301, 272 N.W. 25, 26 (1937), declared: "The words 'order or award' . . . clearly relate to an order which denies compensation to an applicant, or awards compensation to him, and do not include every order which the commission may make during the pendency of such proceedings." In *Berg v. Industrial Commission*, 236 Wis. 172, 294 N.W. 506 (1940), the petitioner appealed from a commission order setting aside an examiner's findings and award and ordering further hearings. The supreme court said: "[T]he only purpose for which an action can be maintained under sec. 102.23(1), Stats., is to review either an award of compensation or an order which denies compensation." *Id.* at 179–80, 294 N.W. at 509. *See also Meyer v. Industrial Commission*, 13 Wis. 2d 377, 380–82, 108 N.W.2d 556, 557–58 (1961); *Harrison v. Industrial Commission*, 246 Wis. 106, 108, 16 N.W.2d 303, 304 (1944) (order confirming compromise held not reviewable); *Cranston v. Industrial Commission*, 246 Wis. 287, 289–90, 16 N.W.2d 865, 866 (1944) (order denying claimant's attorney's request to increase his fees held not reviewable).

The circuit court relied on *Chevrolet Division* in affirming the commission. Guerin argues that *Chevrolet* is distinguishable from his case on its facts. He is correct, but one of the important issues in *Chevrolet* was

what constituted an order. In reaching its conclusion, the supreme court reaffirmed that "the orders referred to in sec. 102.23(1) are only those orders which deny or award compensation. Any other orders are not deemed subjects of judicial review." 31 Wis. 2d at 486, 143 N.W.2d at 535 (footnote omitted).

As the *Schneider Fuel & Supply* court opined, "If the action to review the order was prematurely brought, then no jurisdiction was conferred upon the circuit court . . . ." 224 Wis. at 300, 272 N.W. at 26. This statement is applicable to and determines this appeal. We therefore affirm.

*By the Court.*—Judgment affirmed.