F. F. MENGEL COMPANY, Continental Casualty Company, and Sentry Insurance (a mutual company), Plaintiffs-Respondents,

v.

Raymond L. CHECK, Jr., Labor & Industry Review Commission, and General Casualty Company, Defendants-Appellants.

Court of Appeals

No. 88–1342. Submitted on briefs October 10, 1988.—Decided November 23, 1988.

(Also reported in 433 N.W.2d 651.)

For the defendant-appellant Labor and Industry Review Commission, the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *James P. Altman,* assistant attorney general.

For the defendant-appellant Raymond L. Check, Jr., the cause was submitted on the briefs of *James T. Haferman* and *Glinski, Haferman, Ilten, S.C.,* of Stevens Point.

For the plaintiff-respondents F. F. Mengel and Sentry Insurance Company, the cause was submitted on the briefs of *Thomas W. Bertz* and *Anderson, Shannon, O'Brien, Rice & Bertz,* of Stevens Point.

For the plaintiffs-respondents F. F. Mengel Company and Continental Casualty Company, the cause was submitted on the brief of *Keith F. Ellison* and *Peter L. Hessert* and *Tinkham, Smith, Bliss, Patterson, Richards & Hessert,* of Wausau.

Before Gartzke, P.J., Eich and Sundby, JJ.

EICH, J. We granted Raymond Check leave to appeal a nonfinal order denying his motion to dismiss F.F. Mengel Company's petition for review of a decision of the Labor & Industry Review Commission (LIRC). The commission and Check moved to dismiss the petition on jurisdictional grounds, arguing that the commission's decision and order remanding the matter to the Department of Industry, Labor and Human Relations for further hearings and findings, but leaving open the issue of monetary benefits, was not an order "granting or denying compensation," and thus was not subject to judicial review under sec. 102.23(1)(a), Stats. The trial court denied the motion. We conclude that the court lacked jurisdiction to review the order, and we therefore reverse.

The facts are not in dispute and may be briefly stated. Check had been employed by Mengel as a mechanic for approximately ten years. In 1985, he filed an application for worker's compensation, claiming that he had suffered a work-related injury to his back.

Prior to the hearing on the claim, Mengel's insurers made several payments to Check for medical expenses and temporary disability. The department eventually dismissed Check's application, concluding that there was no compensable injury. On appeal, the commission reversed the order in part, finding that Check sustained "conceded traumatic injury" and suffered permanent disability. Because the "exact periods of ... disability" attributable to Mengel's various injuries, and "the amounts of compensation due, if any," for each injury could not be determined "upon the present state of the record," the commission remanded the case to the department to hold further hearings "for the purpose of determining the nature

and extent of disability attributable to each ... injury, and the amount of compensation due ...." Mengel sought judicial review.

Whether the order is one "granting or denying compensation," and thus subject to judicial review under sec. 102.23(1)(a), Stats., is a question of law. We decide such questions independently, owing no deference to the trial court's determination. *Guerin v. LIRC*, 121 Wis. 2d 183, 185, 359 N.W.2d 162, 163 (Ct. App. 1984).

Judicial review of administrative determinations is purely statutory, and unless a statute specifically authorizes review, the trial court acquires no jurisdiction in the matter. *Rathjen v. Industrial Comm.*, 233 Wis. 452, 457–58, 289 N.W. 618, 621 (1940). Section 102.23(1)(a), Stats., governs judicial review of worker's compensation matters and restricts that review to "order[s] ... *granting or denying compensation,* either interlocutory or final ...." (Emphasis added.)

The heart of the matter is the meaning of the word "compensation." Check argues that sec. 102.23(1)(a), Stats., is limited to orders specifying a monetary award, while Mengel argues that the commission's determination that Check sustained a compensable injury must be considered an award of "compensation" within the meaning of the statute, even though the order made no award but instead remanded the case to the department to determine the extent of Check's disability and what, if any, compensation he was entitled to.

"Compensation" is not defined in the act, and where the legislature attaches no specialized meaning

to a word, we may consider its generally recognized definition. *St. ex rel. Smith v. Oak Creek,* 139 Wis. 2d 788, 795, 407 N.W.2d 901, 904 (1987). Webster's Third New International Dictionary at 463 (1976), defines the word as "something that constitutes an equivalent or recompense." Even the more specialized Black's Law Dictionary at 256 (5th ed. 1979), recognizes the monetary element, defining "compensation" as "payment of damages."

Few Wisconsin cases have considered the meaning of the word in the context of ch. 102, Stats. In *Berg v. Industrial Comm.,* 236 Wis. 172, 179–80, 294 N.W. 506, 509–10 (1940), the court held that an order setting aside an examiner's findings that the claimant was not entitled to compensation and remanding the case to the department for determination of benefits was not reviewable under sec. 102.23(1)(a), Stats. And in *Harrison v. Industrial Comm.,* 246 Wis. 106, 107–08, 16 N.W.2d 303, 303–04 (1944), the court held that an order refusing to set aside a compromise settlement upon which a compensation award had been granted was not an order "denying or awarding compensation."

Like the order here under consideration, the order in *Berg* required the department to reconsider its earlier decision to deny the claimant's application for benefits, and thus paved the way for compensation of some amount. The order in *Harrison,* which also was tangentially related to compensation, was held to be nonreviewable. We see no reason why the order in this case should be treated any differently, given the limiting language of sec. 102.23(1)(a), Stats., restricting review to orders "awarding" compensation. The commission's order made no such award.

*By the Court.*—Order reversed.

SUNDBY, J. (*concurring*). I agree with the majority that LIRC's order is not subject to judicial review under sec. 102.23(1)(a), Stats. This appeal is controlled by *Schneider Fuel & Supply Co. v. Industrial Comm.,* 224 Wis. 298, 272 N.W.25 (1937) and *Berg v. Industrial Comm.,* 236 Wis. 172, 294 N.W. 506 (1940). In each of these cases, it was held that an order of the commission setting aside an examiner's findings and award and ordering the matter scheduled for further hearing was not subject to judicial review under sec. 102.23(1).

*Schneider Fuel* involved a commission order under what is now sec. 102.18(4)(c), Stats., setting aside its own order upon grounds of mistake and scheduling the matter for further hearing. The court held that a petition under sec. 102.23(1) to review the order was premature. The court said:

> It is our opinion that the orderly and proper course to pursue, and that which the legislature intended should be pursued, is not to bring an action to review an order setting aside an award until further hearing is had and an order or award is made. *Such an order may then be reviewed.*

*Schneider Fuel,* 224 Wis. at 301–302, 272 N.W. at 26 (emphasis added). In *Berg,* 236 Wis. at 179, 294 N.W. at 509, the emphasized language was withdrawn but the court reaffirmed that an action does not lie under sec. 102.23(1) to review an order of the commission setting aside an order of the department or commission and scheduling or directing the scheduling of further hearings.

671

I write separately to emphasize that LIRC does not have unreviewable authority to set aside or reverse the department and remand for further proceedings. I reject that proposition as contrary to LIRC's delegated authority and the dictates of due process.

Section 102.18(3), Stats., empowers LIRC to either affirm, reverse, set aside or modify the department's findings or order, or direct the taking of additional evidence. The statute further provides that, "This action shall be based on a review of the evidence submitted." It is not sufficient for the agency to state that its action is based on a review of the evidence; it must explain its reasons for the decision which it reaches, based on the evidence submitted. *Transport Oil, Inc. v. Cummings,* 54 Wis. 2d 256, 263, 195 N.W.2d 649, 653 (1972). LIRC has an obligation under the Worker's Compensation Act to state the reasons for its conclusions. *Id.* In *Burton v. ILHR Department,* 43 Wis. 2d 218, 228a, 170 N.W.2d 695, 695 (1969), the court, on rehearing, stated:

> We point out ... it is not the law that the department can set aside an examiner's findings "for any reason or for no reason." The commission's fact-finding process *and each step therein* are subject to the dictates of due process and review by this court in passing upon the findings made by the department. [Emphasis added.]

The result in this case depends principally upon an evaluation of the credibility of the witnesses. In *Carley Ford, Lincoln, Mercury v. Bosquette,* 72 Wis. 2d 569, 575, 241 N.W.2d 596, 599 (1976), the court said:

> It is the rule in Wisconsin that where the department differs with its hearing examiner, acting as

an appeal tribunal, in regard to material findings of fact based on an appraisal of the credibility of witnesses, it must (1) consult of record with the examiner to glean his impressions of the credibility of witnesses and (2) include in a memorandum opinion an explanation for its disagreement with the examiner. [Footnote omitted.]

LIRC's order is contrary to sec. 102.18(3), Stats., and the dictates of due process because LIRC does not state its reasons for or the evidence which supports its conclusions and does not explain why it disagrees with the department's appraisal of the credibility of the witnesses.

The respondents' right to insist that LIRC comply with sec. 102.18(3), Stats., and the dictates of due process will be forever lost if they are denied a present remedy to insist that LIRC give "some indication why the testimony believed by the examiners who heard it presented was deemed not worthy of belief by the agency heads and similarly some indication as to why the testimony not believed by its examiners was believed by the agency heads." *Burton,* 43 Wis. 2d 218, 225, 168 N.W.2d 196, 199, *modified,* 43 Wis. 2d 228a, 170 N.W.2d 695 (1969).

I conclude that mandamus will lie to compel LIRC to comply with sec. 102.18(3), Stats., and the requirements of due process. *See Chevrolet Division, G.M.C., v. Industrial Comm.,* 31 Wis. 2d 481, 486, 143 N.W.2d 532, 535 (1966) (where letter was not an order reviewable under sec. 102.23(1), mandamus was the proper remedy to review the commission's failure to consider or act upon the employer's petition). Mandamus will not lie to prevent LIRC from reversing the department and remanding for further proceedings. It will lie, however, to compel LIRC to state its reasons for its

conclusions and explain why it disagrees with the administrative law judges. Section 102.18(3) and due process do not entitle the respondents to more.