Paul D. LaBeree,
Petitioner-Respondent-Cross-Appellant,

v.

Labor and Industry Review Commission,
Respondent-Cross-Respondent,

Bowman Plumbing and Wausau Insurance Companies,
Respondents-Appellants-Cross-Respondents.†

Court of Appeals

*No. 2009AP1628. Submitted on briefs May 18, 2010.
—Decided October 5, 2010.*

2010 WI App 148

(Also reported in 793 N.W.2d 77.)

---

† Petition for Review denied 2-7-11.

---

On behalf of the respondents-appellants-cross-respondents, the cause was submitted on the briefs of *Peter L. Topczewski* of *Law Offices of Thomas P. Stilp*, Brookfield.

On behalf of the petitioner-respondent-cross-appellant, the cause was submitted on the briefs of *Matthew A. Biegert* and *Anne E. Schmiege* of *Doar, Drill & Skow, S.C.*, New Richmond.

On behalf of the respondent-cross-respondent, the cause was submitted on the brief of *David C. Rice*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J. Bowman Plumbing and Wausau Insurance Companies (collectively, Bowman) appeal a judgment reversing a Labor and Industry Review Commission decision finding that Paul LaBeree, whose medical care is paid for by Bowman, must demonstrate that his WIS. STAT. ch. 55 protective placement is medically necessary.[1] Bowman argues it cannot be liable under the worker's compensation laws, WIS. STAT. ch. 102, for additional expenses associated with LaBeree's transfer from an institutional placement to a residential placement.

¶ 2. Based on the limited authority granted to the Department of Workforce Development in WIS. STAT. ch. 102, and WIS. STAT. ch. 55's clear legislative intent to

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

guarantee an individual subject to a protective placement order the maximum liberty possible, we conclude a circuit court's determination of the least restrictive placement for such an individual is not subject to review by the Department. The Department may determine only whether the medical expenses associated with the individual's placement are compensable under ch. 102. We also reject Bowman's challenges to the jurisdiction of both the Commission and the circuit court, and Bowman's procedural due process arguments.

¶ 3.  LaBeree cross-appeals the circuit court's judgment. LaBeree asserts he is entitled to compensation for all care outlined in a community integration plan approved by the circuit court in the WIS. STAT. ch. 55 proceeding. He further contends the circuit court erred by remanding the case to the Department for further fact-finding. Because neither the Department nor the Commission considered whether the specific care LaBeree receives in his residential placement is compensable, we conclude remand to the Department is appropriate. Accordingly, we remand to the circuit court, and direct the circuit court to recommit the controversy and remand the record to the Commission for further proceedings. *See* WIS. STAT. § 102.24(1).

## BACKGROUND

¶ 4.  In 1979, LaBeree was severely injured when a train struck his vehicle. LaBeree sustained traumatic brain injuries and is a spastic quadriplegic. He suffers from extensive medical problems, including muscle spasms, sleep apnea, and periodic infections. LaBeree uses an electric wheelchair, but is unable to operate it himself. LaBeree is permanently and totally disabled, and requires around-the-clock care. His injuries undis-

putedly occurred in the scope of his employment for Bowman, which has conceded liability and currently pays for all his medical treatment expenses. *See* WIS. STAT. § 102.03.

¶ 5. Because of his extensive injuries, LaBeree was deemed in need of protective placement under WIS. STAT. ch. 55. LaBeree has received institutional care since the accident, primarily at the Dunn County Health Care Center, whose staff attends to all his personal and medical needs. Sometime around 2005, a group composed of Laberee's father, nurse, guardian ad litem, and a representative and students from the University of Wisconsin—Stout began exploring ways to improve LaBeree's quality of life. Adopting the moniker "Team Corky,"[2] the group monitored LaBeree's needs and assisted his guardian ad litem in determining his best interests. Team Corky determined LaBeree had not been adequately challenged while institutionalized and, though LaBeree was receiving good care, concluded he would be better off in his own home.

¶ 6. In the fall of 2005, LaBeree's guardian ad litem requested that Dunn County develop a community integration plan. The plan, as drafted, calls for construction of a specially equipped duplex on land owned by LaBeree's father. LaBeree is to live on the side opposite his father, where he will receive twenty-four-hour-a-day care from a social services provider. The estimated cost of LaBeree's care under the community integration plan is $549 per day; at the Dunn County Health Care Center, the daily cost of LaBeree's care is approximately $174.

¶ 7. Pursuant to WIS. STAT. ch. 55, the circuit court found LaBeree's placement in the Dunn County

---

[2] "Corky" is LaBeree's nickname.

Health Care Center was not the least restrictive setting consistent with his needs. *See* Wis. Stat. §§ 55.12(3); 55.18(3)(e). It determined the care provided by Dunn County was "insufficient to fully develop [LaBeree's] mental and physical potentials." The court found the home-based care program was the least restrictive environment under ch. 55, and entered an order on April 19, 2006, approving the community integration plan in full.

¶ 8.    In November 2006, LaBeree filed a worker's compensation claim alleging that Bowman refused to pay for the additional expense of his home care. An administrative law judge denied LaBeree's claim following an evidentiary hearing. The ALJ conceded the Department has no authority to determine where LaBeree should live. However, the judge concluded the worker's compensation laws conferred authority to approve or deny additional medical expenses based on the medical necessity of the placement.

¶ 9.    The ALJ dismissed LaBeree's claim without prejudice, finding that LaBeree failed to prove his transfer from institutional to home care was reasonable and necessary.[3] However, the ALJ recognized that a "valid argument for a community[-]based setting could be made if supported by expert medical testimony." The ALJ then directed that any new application be accompanied by a medical expert's opinion stating that LaBeree's residential placement is medically necessary. LaBeree concedes he is unlikely to obtain such a report.

¶ 10.    LaBeree petitioned the Commission for review. The Commission adopted the findings and order

---

[3] *See* Wis. Stat. § 102.42(1) (requiring employer to pay an injured worker's reasonable and necessary medical treatment expenses).

of the ALJ. It concluded the Department possesses authority to determine the medical necessity of an injured worker's WIS. STAT. ch. 55 placement, and agreed LaBeree failed to prove the more expensive home-based care was required. "In short," the Commission wrote, "[we are] not persuaded that the Dunn County Circuit Court's order forecloses consideration of reasonableness and necessity for worker's compensation purposes under WIS. STAT. § 102.42(1)."

¶ 11. LaBeree then sought judicial review. The circuit court rejected Bowman's motion to dismiss, and determined the Commission exceeded its authority when it reviewed the reasonableness and medical necessity of LaBeree's placement. The circuit court's written order contains, in part, the following conclusions of law:

6. The commission acted without and / or in excess of its authority when it based its decision, in part, on issues relative to the medical necessity of placement in a home setting.

7. It is the position of the Court, per the statutory authority under Wis. Stat. Chapters 54 and 55, that medical treatment as determined under Wis. Stat. 102.42(1) is subordinate to a circuit court's determination as to what is the least restrictive placement under Wis. Stat. Ch. 55, and 55.16(4) and (5).

8. It is the duty of the ALJ and [the Commission] to not determine the medical necessity of placement, as this authority has been given to the circuit courts[. Instead,] it is to determine the [reasonableness and necessity of] medical expenses now associated with such placement.

Consistent with its final conclusion of law, the circuit court remanded the case to the Department for further fact-finding.

111

## DISCUSSION

¶ 12. This case presents multiple issues for review. First, we address Bowman's argument that it cannot be liable for the additional medical expenses associated with LaBeree's residential placement. We then consider Bowman's claim that both the circuit court and the Commission lacked jurisdiction to hear LaBeree's petitions for review. Finally, we address Bowman's contention that the circuit court's decision, and the manner in which it was rendered, denied Bowman procedural due process.

¶ 13. LaBeree cross-appeals, claiming the circuit court erred by remanding the matter to the Department for further fact-finding. LaBeree argues the circuit court should have ordered payment of all expenses as provided in the community integration plan. We address this issue in the final section of this opinion.

## I. Department Review of a Wis. Stat. ch. 55 Protective Placement

¶ 14. We review the agency's decision, not the circuit court's. *Wright v. LIRC*, 210 Wis. 2d 289, 292, 565 N.W.2d 221 (Ct. App. 1997). Our review in worker's compensation cases is limited by Wis. Stat. § 102.23(1)(e), which permits us to set aside the Commission's order only if it appears that: (1) the Commission has acted without, or in excess of, its powers; (2) the order was procured by fraud; or (3) the Commission's findings of fact do not support the order. We will not substitute our judgment for that of the Commission as to the weight or credibility of the evidence on any finding of fact. Wis. Stat. § 102.23(6).

¶ 15. This case presents a novel issue: whether the Department possesses authority to independently determine, for worker's compensation purposes, the reasonableness and medical necessity of an injured employee's court-ordered transfer to the least restrictive environment under WIS. STAT. ch. 55. Both the ALJ and the Commission concluded the Department possesses such authority. The circuit court, however, concluded that the Department may determine only the reasonableness and necessity of expenses associated with the placement, but lacks authority to evaluate the placement itself. Bowman argues the Commission reached the correct conclusion.[4]

¶ 16. "The extent of an agency's statutory authority is a question of law." *Wisconsin Power & Light Co. v. Public Serv. Comm'n*, 181 Wis. 2d 385, 392, 511 N.W.2d 291 (1994). In recognition of the expertise and experience of an administrative agency, we will, in certain circumstances, defer to the agency's conclusions of law. "The appropriate level of scrutiny a court should use in reviewing an agency's decision on questions of law depends on the comparative institutional capabilities and qualifications of the court and the agency to make a legal determination on a particular issue." *Brown v. LIRC*, 2003 WI 142, ¶ 13, 267 Wis. 2d 31, 671 N.W.2d 279. We owe no deference to an agency when the matter is one of first impression, *id.*, 14, or involves the scope of the agencys statutory authority, *Wisconsin Power Light*, 181 Wis. 2d at 392. Both circumstances are present in this appeal. Accordingly, we independently determine the question of law presented.

---

[4] The Commission has not appealed the circuit court's order.

¶ 17.  As a creature of the legislature, the Department has "only those powers which are expressly conferred or which are necessarily implied from the statutes under which it operates." *Elroy-Kendall-Wilton Schs. v. Cooperative Educ. Serv. Agency*, 102 Wis. 2d 274, 278, 306 N.W.2d 89 (Ct. App. 1981). Thus, we must assess the scope of the Department's authority under the worker's compensation statutes, and determine whether that authority includes an independent determination of the reasonableness and medical necessity of an individual's transfer to the least restrictive environment under WIS. STAT. ch. 55. Any reasonable doubts regarding the existence of an administrative agency's implied power should be resolved against the exercise of such authority. *Elroy-Kendall-Wilton Schs.*, 102 Wis. 2d at 278.

¶ 18.  The worker's compensation laws, now located within WIS. STAT. ch. 102, were first established in 1911, 17 Thomas M. Domer & Charles F. Domer, WISCONSIN PRACTICE SERIES: *Worker's Compensation Law* 1:1, 2:3 (2009), and created "a legal obligation of the public ... to compensate, reasonably, those who are injured while in the employment of others, as a part of the natural, necessary cost of production ...." *City of Milwaukee v. Miller*, 154 Wis. 652, 670, 144 N.W. 188 (1913). The system provides employees a direct, and exclusive, remedy, thereby limiting employers' exposure to litigation. *See* WIS. STAT. § 102.03(1), (2).

¶ 19.  WISCONSIN STAT. § 102.14(1) directs that the Department shall administer the worker's compensation laws. Any controversy concerning compensation must be submitted to the Department in the manner provided by WIS. STAT. ch. 102. WIS. STAT. § 102.16(1).

114

The Department has jurisdiction to resolve disputes over the necessity of treatment provided to an injured employee and the reasonableness of the fee charged. WIS. STAT. §§ 102.16(2)(a), (2m)(a). The procedure for resolving claims is set forth in WIS. STAT. §§ 102.17 and 102.18, with opportunities for review under WIS. STAT. §§ 102.18(3) and 102.23.

¶ 20. WISCONSIN STAT. ch. 55 governs the protective placement of persons who are unable to provide for their own care and, as a result, have a primary need for residential care. *See* WIS. STAT. § 55.08(1). The explicit legislative purpose of the protective service system is to "establish those protective services and protective placements, to assure their availability to all individuals when in need of them, and to place the least possible restriction on personal liberty and exercise of constitutional rights consistent with due process and protection from abuse, financial exploitation, neglect, and self-neglect." WIS. STAT. § 55.001.

¶ 21. WISCONSIN STAT. ch. 55 represents "a clear legislative attempt to protect incompetent individuals whose decisions about where and how to live are not their own." *Agnes T. v. Milwaukee County*, 189 Wis. 2d 520, 528, 525 N.W.2d 268 (1995). Accordingly, an individual must be protectively placed "in the least restrictive environment and in the least restrictive manner consistent with the needs of the individual to be protected and with the resources of the county department." WIS. STAT. § 55.12(3). The individual's placement is reviewed annually to ensure it is not more restrictive than necessary. WIS. STAT. § 55.18. An individual subject to the protective placement laws may petition the court at any time for modification of the placement, which the court must order if it finds the individual's freedom is being unnecessarily restrained. WIS. STAT. § 55.16(2), (4)(b).

¶ 22. Harmonizing the Department's authority under Wis. Stat. ch. 102 with the requirements of Wis. Stat. ch. 55 is not difficult. The legislature has gone to great lengths to ensure that an individual subject to a protective placement order is not unnecessarily deprived of his or her personal liberty. It has entrusted the circuit courts of this state with ensuring an individual's freedom is curtailed only to the extent necessary to protect the individual and others. The worker's compensation laws do not evince a legislative intent to dilute this commitment to personal liberty by permitting the Department to conduct an independent assessment of the reasonableness and necessity of a particular individual's placement. Instead, Department's authority is limited to resolving disputes regarding the reasonableness or necessity of treatment provided to an injured employee. This authority permits the Department to evaluate the treatment an employee receives within a placement, but not the placement itself.

¶ 23. Bowman asserts there is no conflict between the Department's authority and an individual's right to be placed in the least restrictive environment under Wis. Stat. ch. 55. Bowman claims that when an injured employee's needs are being met in an institutional setting and he or she cannot show that transfer to a residential setting is medically necessary, the individual —not the employer—should be on the hook for the additional cost of care. This is plainly inconsistent with the legislature's stated purpose in enacting chapter 55. A protectively placed individual whose employer has conceded liability for worker's compensation purposes should not have liberty conditioned on his or her ability to pay for medical treatment.[5]

---

[5] We recognize that county departments must provide for the reasonable program needs of individuals who are provided

116

¶ 24. We agree with the circuit court's resolution of the issue. The Department's authority under Wɪs. Sᴛᴀᴛ. ch. 102 is subordinate to the circuit court's determination as to the least restrictive placement under Wɪs. Sᴛᴀᴛ. ch. 55. Accordingly, the Commission exceeded its authority by evaluating the medical necessity of LaBeree's home placement. On remand, the Department may exercise its authority to determine which expenses associated with LaBeree's placement are reasonable and medically necessary, but may not determine the necessity of the placement itself.[6]

## II. Jurisdiction of the Commission and the Circuit Court

¶ 25. Bowman claims both the Commission and the circuit court lacked jurisdiction to hear LaBeree's

protective placement. Wɪs. Sᴛᴀᴛ. § 55.045. However, they are obligated to do so only "within the limits of available state and federal funds and of county funds required to be appropriated to match state funds." *Id.* Moreover, county departments may require that an individual provided protective placement reimburse the county based on the ability of the individual to pay. *Id.* Thus, under Bowman's theory, the burden of a transfer to the least restrictive environment may well fall on the injured individual.

[6] In the circuit court's April 19, 2006 order, it found the "around-the-clock nursing care set forth in the [community integration plan] is medically necessary." We agree with Bowman: this finding does not relieve LaBeree of his obligation to show that the expenses associated with his home placement are medically necessary under Wɪs. Sᴛᴀᴛ. § 102.42(1). The proceedings held in April of 2006 were for the sole purpose of determining LaBeree's proper placement under Wɪs. Sᴛᴀᴛ. ch. 55.

petitions for review because the ALJ dismissed his claim without prejudice. We consider these matters together because they require interpretation of substantially similar statutory language. The interpretation and application of statutory language presents a question of law. *See Brown v. LIRC*, 2003 WI 142, ¶ 11, 267 Wis. 2d 31, 671 N.W.2d 279.

¶ 26.  Under WIS. STAT. § 102.18(3), a party may petition the Commission for review of an examiner's decision "awarding or denying compensation." A party aggrieved by a Commission decision may, in turn, seek judicial review of an "order or award granting or denying compensation." WIS. STAT. § 102.23(1)(a). Bowman claims that neither the ALJ's nor the Commission's order, both of which dismissed LaBeree's claim without prejudice, denies compensation within the meaning of §§ 102.18(3) and 102.23(1)(a). Citing *Guerin v. LIRC*, 121 Wis. 2d 183, 185–86, 359 N.W.2d 162 (Ct. App. 1984), Bowman argues the ALJ's order, adopted in its entirety by the Commission, merely defers a decision on the merits of LaBeree's claim.

¶ 27.  *Guerin* appears to define an order "awarding or denying compensation" synonymously with an order reaching the merits of the applicant's claim. In *Guerin*, both a hearing examiner and the Commission rejected as premature a police officer's claim for special disability benefits because he had not yet retired. *Id.* at 184. Guerin petitioned for judicial review, but the circuit court concluded the Commission's order was unreviewable. We held the circuit court lacked jurisdiction because the Commission's order did not grant or deny compensation: "The merits of the claim were not considered. Guerin was not prejudiced, as the merits may still be determined. Deferral is not synonymous with denial. The substance of the commission's action

was to wait until the potential claim was ripened by Guerin's retirement." *Id.* at 185–86.

¶ 28. Although the administrative decisions in this case contemplated the possibility of future action by LaBeree, the dismissal was not procedural or rooted in standing doctrines like ripeness. Both the ALJ and the Commission recognized that LaBeree has a viable worker's compensation claim, but found LaBeree presented insufficient evidence to substantiate it. Unlike the administrative decisions in *Guerin*, the decisions in this case followed a full evidentiary hearing and resolved LaBeree's claim on its merits. Accordingly, the decisions of the ALJ and the Commission did deny compensation within the meaning WIS. STAT. §§ 102.18(3) and 102.23(1)(a), respectively.

## III. Procedural Due Process

¶ 29. Whether a party in an administrative or judicial proceeding has received due process is a question of law that we review de novo. *Wright*, 210 Wis. 2d at 296. The question turns on the presence or absence of "fair play," which includes the right to reasonably know the charges or claims, the right to meet such charges or claims with competent evidence, and the right to be heard by counsel regarding the applicable law and the probative force of the evidence presented. *Id.*

¶ 30. Here, the circuit court rendered its decision on LaBeree's review petition after allowing the parties to fully brief Bowman's motion to dismiss, but without

119

inviting Bowman to file a pleading responsive to the petition. Bowman claims the circuit court's failure to solicit additional filings denied Bowman due process. We disagree. The issues before the circuit court were identical to those before the Department and the Commission. The circuit court had before it the entire administrative file, which included Bowman's arguments before the administrative agencies. It is apparent from the circuit court's decision that it reviewed the record of the proceedings before the agencies. Regardless, procedural irregularities in the circuit court do not provide grounds for reversal, as our primary concern is the agency decision. *See id.* at 292.

¶ 31.   Bowman also claims the circuit court's decision (and, by extension, our decision) deprives it of due process because Bowman was not invited to participate in the protective placement proceedings in April 2006. However, WIS. STAT. ch. 55 does not require that notice of a petition to modify a placement order be given to a worker's compensation carrier or health insurer. *See* WIS. STAT. § 55.16(2). Moreover, Bowman does not indicate how its presence could possibly have affected the outcome of the placement proceeding. Accordingly, we reject Bowman's procedural due process argument.

## IV.   Remand to the Department

¶ 32.   LaBeree cross-appeals, requesting that we order Bowman to pay all expenses in the community integration plan rather than remand the matter to the Department. LaBeree asserts Bowman forfeited any objections to the care outlined in the integration plan by failing to challenge each specific item before the Department. He claims he is entitled to compensation

for the medical care associated with his residential placement as a matter of law.

¶ 33.   We must first determine whether Bowman adequately preserved its objections to the specific items of care outlined in the community integration plan. Generally, issues not raised in administrative proceedings are deemed forfeited and cannot be raised for the first time on judicial review. *See Omernick v. DNR*, 100 Wis. 2d 234, 248–49, 301 N.W.2d 437 (1981). "The [forfeiture] rule is one of administration, not jurisdiction, and it is a general rule to which there are exceptions." *Wal-Mart Stores, Inc. v. LIRC*, 2000 WI App 272, ¶ 15, 240 Wis. 2d 209, 621 N.W.2d 633. In this case, Bowman challenged the medical necessity of the entire community integration plan. The Commission erroneously interpreted its authority as permitting this type of challenge. Thus, the Commission did not make any findings regarding the necessity of the specific medical expenses associated with LaBeree's residential placement. Under these circumstances, we conclude Bowman has not forfeited its right to object to specific items of care outlined in the community integration plan.

¶ 34.   The absence of any findings concerning the necessity of LaBeree's residential care program requires that we remand the matter to the Department. Under Wis. Stat. § 102.24(1), a court setting aside any order may "recommit the controversy and remand the record in the case to the commission for further hearing or proceedings." This is the appropriate course where the Commission exceeds its authority and decides a worker's compensation claim on an improper basis. The Department and Commission are in a far better posi-

tion than this court to determine whether medical expenses are compensable in the first instance. Accordingly, we decline to apply the forfeiture rule, and remand to the circuit court. We direct the circuit court to remand to the Department so that it may determine whether the medical expenses associated with LaBeree's residential placement are compensable under WIS. STAT. ch. 102.

*By the Court.*—Judgment affirmed and cause remanded with directions.