STATE of Wisconsin EX REL. Odis PURIFOY,
Petitioner-Appellant,

v.

Ron MALONE, Deirdre A. Morgan, and David A.
Schwarz, Respondents-Respondents.

Court of Appeals

*No. 01–2042. Submitted on briefs December 7, 2001.—Decided
May 2, 2002.*

2002 WI App 151

(Also reported in 648 N.W.2d 1.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Odis Purifoy, pro se.*

On behalf of the respondents-respondents, the cause was submitted on the brief of *James E. Doyle*, attorney general and *Karla Z. Keckhaver*, assistant attorney general.

Before Vergeront, P.J., Dykman and Deininger, JJ.

¶ 1. DYKMAN, J. Odis Purifoy appeals pro se from an order dismissing his petition for a writ of habeas corpus. He argues that his grant of parole was rescinded in violation of Wis. Admin. Code § PAC 1.07(5)(c). The circuit court concluded that Purifoy's claim should be construed as a petition for certiorari review and that Purifoy had failed to file his petition within the forty-five-day deadline under Wis. Stat. § 893.735 (1999–2000).[1] Accordingly, it dismissed his petition.

¶ 2. Although we agree that certiorari is the appropriate procedural device, we conclude that Purifoy's petition was timely, assuming that he received notice that he was not entitled to a hearing from Deirdre Morgan, the parole commission chairperson, on June 6, 2001. We further conclude that Morgan rescinded a grant of parole and not a "recommended grant" as Morgan contends. We remand to allow Purifoy to supplement the record with the June 6 letter from Morgan. Once this is done, the circuit court should order that Morgan provide Purifoy with a hearing, as required by Wis. Admin. Code § PAC 1.07(5)(c).

## Background

¶ 3. The relevant facts are not disputed. Odis Purifoy is an inmate at the Oak Hill Correctional Institute (OCI). Jerry E. Smith, Jr., the chairperson for the State of Wisconsin Parole Commission, sent a document dated March 6, 2001, to Ron Malone, OCI's warden, regarding Purifoy's parole. The document had the subject heading "Recommended Parole Grant" and provided in part:

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

> The eligibility for parole of the above-named prisoner [Purifoy] was considered by the Parole Commission and it was determined that the applicable conditions of the Wisconsin Statutes and Wisconsin Administrative Code have been satisfied.
>
> IT IS ORDERED that the Warden/Superintendent of the institution to which the prisoner is assigned shall effect his or her release to parole supervision, or to detainer if any exists, <u>on or after 11/19/01</u> in accordance with the Order of the Parole Commission, the laws of Wisconsin, the rules of the Department of Corrections, and the instructions of the parole agent.

Following this order was a list of conditions of supervision.

¶ 4.   Soon after, Deirdre Morgan replaced Smith as the chairperson for the parole commission. In a document dated April 18, 2001, Morgan wrote:

> The recommended grant dated 3/6/01 authorizing parole on or after 11/19/01 is now <u>CANCELED</u>. A review of this case makes the Inmate an unreasonable risk and he has NOT served sufficient time for an atrocious crime. This decision overrides any previous Commission decision. You have been deferred 12 months. Your [parole eligibility date] is established as today's date 04/18/02.

A copy of the decision "canceling" Purifoy's parole was sent to Purifoy.

¶ 5.   After receiving the decision, Purifoy sent several letters to both David Schwarz, the administrator for the Division of Hearings and Appeals, and Morgan, requesting a hearing. When these requests were denied, Purifoy petitioned the circuit court for a writ of habeas corpus. The petition was dated June 24, 2001, but it was not filed in the circuit court until July 3, 2001. The circuit court concluded that habeas relief

was unavailable but liberally construed the complaint as seeking certiorari review. The court noted, however, that Wis. Stat. § 893.735 requires that an action seeking certiorari review be brought within forty-five days after the cause of action accrues. The court concluded that Purifoy's cause of action accrued on April 18, 2001, when Morgan "canceled" his grant of parole. Because Purifoy had not filed the action until July 3, 2001, the court then dismissed the action under Wis. Stat. § 802.05(3)(b) as untimely. Purifoy appeals.

## Opinion

### A. Writ Procedure

¶ 6. Purifoy sought habeas corpus relief before the circuit court. The circuit court concluded that Purifoy could not seek a writ of habeas corpus because habeas is generally not available to challenge parole decisions and because certiorari review provided an alternative adequate remedy. *See State ex rel. Dowe v. Circuit Court for Waukesha County*, 184 Wis. 2d 724, 729, 516 N.W.2d 714 (1994); *State ex rel. Reddin v. Galster*, 215 Wis. 2d 179, 183–84, 572 N.W.2d 505 (Ct. App. 1997); *see also State ex rel. Hansen v. Circuit Court for Dane County*, 181 Wis. 2d 993, 996 n.2, 513 N.W.2d 139 (Ct. App. 1994).

¶ 7. Relying on *State ex rel. Szymanski v. Gamble*, 2001 WI App 118, 244 Wis. 2d 272, 630 N.W.2d 570, Purifoy argues that habeas is the appropriate procedural mechanism. In *Szymanski*, the plaintiff filed a habeas corpus action after being denied parole. *Id.* at ¶ 5. He argued that he was entitled to be released on parole because the parole commission had found extraordinary circumstances warranting early release under Wis. Stat. § 304.06(1m). *Id.* In rejecting the State's

argument that certiorari review was the proper remedy rather than habeas corpus, we stated: "Szymanski is not challenging the commission's denial of parole and he does not seek review of the commission's latest decision in that regard. Rather, Szymanski contends that he is illegally restrained because the commission has found extraordinary circumstances and waived the minimum service requirement pursuant to WIS. STAT. § 304.06(1m)." *Id.* at ¶ 7.

■

¶ 8.   We agree with the respondents that certiorari review is the appropriate procedural device. *See Coleman v. Percy*, 96 Wis. 2d 578, 588, 292 N.W.2d 615 (1980); *State v. Goulette*, 65 Wis. 2d 207, 215, 222 N.W.2d 622 (1974). When Purifoy filed his petition, he was not asserting that he was then being illegally restrained. Rather, he was seeking review of Morgan's decisions rescinding his grant of parole effective on or after November 19, 2001, and refusing to grant him a hearing.[2] The rationale of *Szymanksi*, therefore, does not apply. However, because we are required to liberally construe mislabeled pleadings, *see bin-Rilla v. Israel*, 113 Wis. 2d 514, 521, 335 N.W.2d 384 (1983), we will treat Purifoy's petition for habeas relief as one for certiorari, as did the circuit court.

### B. Time Limit under WIS. STAT. § 893.735

¶ 9.   Under WIS. STAT. § 893.735(2), an "action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45

---

[2] Because Purifoy is seeking review of Morgan's actions, we agree with the respondents that Ron Malone and David Schwarz were improperly named as defendants. On remand, Malone and Schwarz should be dismissed from the action.

days after the cause of action accrues." An action is "commenced at the time that the prisoner files a petition seeking a writ of certiorari with the court." Section 893.735(3). There is no question that this requirement applies to Purifoy. *See State ex rel. Frohwirth v. Wisconsin Parole Comm'n*, 2000 WI App 139 ¶¶ 6–7, 237 Wis. 2d 627, 614 N.W.2d 541 (holding that § 893.735 applies to a certiorari petition seeking review of a parole denial unless the petitioner has been incarcerated outside Wisconsin within forty-five days of the denial). The respondents argue that Purifoy is seeking review of the commission's April 18, 2001 decision. Because Purifoy's petition was not filed with the circuit court until July 3, 2001, the respondents contend, Purifoy failed to meet the forty-five-day deadline. We disagree.

¶ 10.  Purifoy was not required to bring his petition within forty-five days of April 18. Although Purifoy's petition challenges Morgan's right to rescind his parole grant, he also challenges the decision to deny him the hearing to which he believed he was entitled. Therefore, his cause of action did not accrue until he received notice that he would not receive a hearing. After Morgan rescinded his parole grant on April 18, Purifoy sent letters to both David Schwarz, the administrator of the Division of Hearings and Appeals, and Morgan, requesting that he receive a hearing. In letters dated May 18, 2001, and May 25, 2001, William Lundstrom, an assistant administrator of DHA, denied his request. It appears that Morgan responded to Purifoy in a letter dated June 6, also stating that Purifoy was not entitled to a hearing.[3]

---

[3] This letter, signed by Morgan, is included in the appendix to Purifoy's brief, but was not included in the circuit court record. Morgan, however, does not dispute its authenticity.

¶ 11.   Assuming that June 6 is the date that Purifoy was informed by Morgan that he would not receive a hearing, we conclude that this is when his cause of action accrued.[4] It was Morgan who rescinded Purifoy's grant of parole and thus it was Morgan's ultimate responsibility to ensure that Purifoy received a hearing, if he was entitled to receive one. The regulation upon which Purifoy relied, WIS. ADMIN. CODE § PAC 1.07(5)(c), states that when parole has been granted and later denied:

> [T]he inmate *shall be provided* written notice of the reasons for the denial, disclosure of evidence against the inmate, *the right to appear and be heard* by an impartial hearing examiner from the division of hearings and appeals in the department of administration, the right to present witnesses and evidence and to confront and cross-examine witnesses against the inmate, the right to receive a written statement of the evidence relied upon and the right to be represented by counsel.

(Emphasis added.) Although the regulation is not explicit, the only reasonable inference is that it is the

---

[4] Purifoy's letter-writing efforts could also be viewed as an attempt to exhaust his potential administrative remedies before seeking relief in the circuit court. It would hardly be equitable to deny relief to Purifoy for waiting to file an action under these circumstances when it is the goal of WIS. STAT. § 893.735 to "restrict frivolous lawsuits" and "to limit broadly prisoner litigation at taxpayer expense." *State ex rel. Cramer v. Wisconsin Court of Appeals*, 2000 WI 86, ¶ 40, 236 Wis. 2d 473, 613 N.W.2d 591. We need not decide, however, whether an attempt to seek an administrative remedy tolls the forty-five-day deadline because we conclude that Purifoy satisfied the requirements of the statute on other grounds.

parole commission that provides written notice of reasons, the evidence against the inmate, and a hearing before an impartial examiner.[5]

¶ 12. If June 6 was the date Purifoy's cause of action accrued, his forty-five-day deadline under Wis. Stat. § 893.735 did not expire until July 23. Purifoy's petition was filed with the circuit court well before this date, on July 3, and therefore is timely.[6] We will therefore consider the merits.

## C. Grant v. Recommended Grant

¶ 13. On a certiorari review of a decision of the parole commission, our scope of review is limited to whether: (1) it kept within its jurisdiction; (2) it acted according to law; (3) its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) the evidence was such that it might reasonably make the order or determination in question. *Hansen*, 181 Wis. 2d at 998–99.

¶ 14. Morgan argues that she was entitled to "cancel" Purifoy's parole and refuse to give him a hearing because the former chairperson, Jerry E. Smith, Jr., had given Purifoy only a "recommended" grant of parole rather than an actual grant. Under Wis.

---

[5] This conclusion is further supported by the May 25 letter from DHA, which stated: "[H]earing requests in these cases have been made directly by the Parole Commission rather than the inmate."

[6] Also assuming that June 6 is the date Purifoy received notice from Morgan that he was not entitled to a hearing, we need not consider when Purifoy placed his petition in the mailbox for the purpose of tolling the limit under *State ex rel. Shimkus v. Sondalle*, 2000 WI App 238, 239 Wis. 2d 327, 620 N.W.2d 409.

ADMIN. CODE § PAC 1.07, parole recommendations may be rejected by the chairperson at any time; the only requirement is that "the chairperson shall inform the inmate that the recommendation has been rejected." WIS. ADMIN. CODE § PAC 1.07(5)(a). However, "subsequent to the issuance of a grant of parole . . . but prior to release of the inmate," the grant may be rescinded only if "circumstances require denial of the grant," and then the inmate must be provided with a hearing and other procedural guarantees. WIS. ADMIN. CODE § PAC 1.07(5)(c). Therefore, the issue is whether the March 6 document is a grant or a recommended grant.

¶ 15. In support of her argument that the March 6 document was a recommended grant, Morgan relies on two facts: (1) the subject line of the document read "Recommended Parole Grant"; and (2) Smith did not sign the document and it did not bear the seal of the parole commission. With regard to the first fact, we disagree that the particular label given to a grant is dispositive. Rather, the regulations demonstrate persuasively that Smith had granted Purifoy parole on March 6.

■

¶ 16. Under WIS. ADMIN. CODE § PAC 1.07(1), it is *commissioners,* not the chairperson, who make parole recommendations. They make such a recommendation *to* the chairperson, who may then reject that recommendation. But this is not what happened in Purifoy's case. Here, the decision of one chairperson was rescinded by a subsequent chairperson. Notably, the regulations provide no mechanism under which a chairperson may make a "recommendation" and subsequently "cancel" it. This is not surprising. The parole commission chairperson has "final parole granting authority." WIS. STAT. § 304.01. It therefore makes no sense to

classify decisions of the chairperson regarding parole as "recommendations," as there is no one to whom the recommendation would be made, other than the chairperson.

¶ 17.  The apparent illogic of a chairperson making a recommendation to him or herself was not addressed by Morgan. It was, however, noted by Purifoy, who wrote in his pro se brief:   "Who pray tell . . . would Jerry E. Smith be making this recommendation to? Surely it makes absolutely no sense that he would be making it to himself!" We agree with Purifoy. No reasonable interpretation of the regulations provides for chairperson recommendations.[7]

¶ 18.  Morgan also fails to point to any statute or regulation that requires parole grants be signed by the chairperson or bear the commission's seal. Therefore, regardless whether including a signature and a seal is "the practice" of the parole commission, their absence does not invalidate the grant or make it less final.

¶ 19.  WISCONSIN ADMIN. CODE § PAC 1.03(12) defines "parole grant" as "the action by the chairperson or designee ordering the release of an inmate to field supervision by the department of corrections on or after a specific date." The March 6 document falls squarely into that definition. Smith (the chairperson) ordered the release of Purifoy to parole supervision on or after November 19, 2001. The document includes conditions

---

[7] Morgan does not argue that her interpretation of the PAC regulations is entitled to deference under *Pfeiffer v. Board of Regents of the University of Wisconsin System*, 110 Wis. 2d 146, 328 N.W.2d 279 (1983). Even if it were, we would nevertheless conclude that her interpretation was "inconsistent with the language of the regulation" and thus not controlling. *Id.* at 154–55.

of supervision.[8] We therefore conclude that Smith issued a parole grant, not a recommendation, to Purifoy on March 6. Morgan was not entitled to rescind this grant without complying with the requirements of WIS. ADMIN. CODE § PAC 1.07(5)(c).

¶ 20. Under WIS. ADMIN. CODE § PAC 1.07(5)(c), the parole commission may rescind a parole grant only if there are "circumstances" "subsequent to the issuance of the grant" that require the rescission.[9] Further, Purifoy has the right to be provided with the reasons for the parole rescission and the evidence supporting that decision and a right to a hearing before DHA, to present evidence and witnesses and to be represented by counsel at the hearing. WISCONSIN ADMIN. CODE § PAC 1.07(5)(c). We therefore remand for that purpose.

*By the Court.*—Order reversed and cause remanded with directions.

---

[8] The document provided:

CONDITIONS OF PAROLE SUPERVISION:

- Programming as prescribed by agent.
- Offender to complete alcohol and drug treatment.
- Offender to complete domestic violence counseling.
- Offender to have no contact with Jacqueline Purifoy.
- Offender to obtain/maintain employment.
- Offender may be placed on Electronic Monitoring System.
- Offender to pay all restitution, court obligations, etc.

[9] We do not determine the "circumstances," as that term is used in WIS. ADMIN. CODE § PAC 1.07(5)(c), which would permit a parole commission chairperson to rescind a grant of parole, or otherwise consider possible substantive limitations on a chairperson's parole rescission authority.