COURT OF APPEALS
DECISION
DATED AND FILED

December 26, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1762**

**STATE OF WISCONSIN**

Cir. Ct. No. **2022CV7683**

**IN COURT OF APPEALS
DISTRICT I**

---

STATE OF WISCONSIN EX REL. DOUGLAS BALSEWICZ,

PETITIONER-APPELLANT,

V.

CHRISTOPHER BLYTHE,

RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM SOSNAY, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Colón, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Douglas Balsewicz appeals from the order of the circuit court affirming the decision of Christopher Blythe, the Chairperson of the Wisconsin Parole Commission to rescind his grant of parole.  Balsewicz filed a petition of certiorari for judicial review arguing that Chairperson Blythe failed to act according to law when he rescinded his grant of parole and that the decision was arbitrary and capricious, representing Chairperson Blythe's will and not his judgment, and not based upon substantial evidence.  Upon review, we affirm.

## BACKGROUND

¶2    Balsewicz was convicted of murdering his wife, Johanna Balsewicz, after he broke into her residence, while they were separated and living apart, and stabbed her forty-two times in June 1997.  Their four-year-old son and two-year-old daughter, referred to here as N.B., were asleep in the house at the time.[1]  The court imposed an eighty-year sentence for his conviction for second-degree intentional homicide and burglary while armed with a dangerous weapon. Balsewicz's mandatory parole release date is October 2, 2050.

¶3    Balsewicz first became eligible for parole in May 2017; the Commission considered a grant of parole five times between 2017 and 2022.  In April 2022, a commissioner, with consideration of Balsewicz's satisfactory conduct, having no unmet treatment needs, support from his family and friends, but noting the opposition of family members of the victim, recommended a grant of parole.  On April 27, 2022, John Tate, then Chairperson of the Wisconsin

---

[1]  We refer to the victim's daughter by initials to "protect the privacy and dignity interests of crime victims," in accordance with WIS. STAT. RULE 809.86 (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Parole Commission, approved the recommendation and granted parole effective May 17, 2022, with release to follow thirty days from the issuance of the grant.

¶4     On May 13, 2022, Chairperson Tate received a letter from Wisconsin Governor Tony Evers urging him to reconsider his decision after members of the victim's family appealed directly to the governor.  The governor's letter referenced WIS. ADMIN. CODE § PAC 1.07(7) (Dec. 2011),[2] which provides that the Commission can rescind a grant of parole "[i]f there is a change in circumstances … subsequent to the issuance of a parole grant or release to extended supervision order but prior to release[.]"  The governor's letter requested the Commission to consider whether additional victim input would affect the parole decision.

¶5     Chairperson Tate and the Commission then sent a Notice of Rescinded Parole Grant and Statement of Hearing Rights on May 19, 2023, stating that Balsewicz's parole was rescinded for a change of circumstance.  This notice explained that the victim's daughter, N.B., had not been notified, invited to offer an impact statement, or invited to attend the meeting considering his parole.  There was an oversight in the notification process by which minor victims are not automatically invited to register for parole notification and to exercise statutory rights upon reaching adulthood.  N.B. was a minor at the time the offense was committed; as an adult, she had not been invited to the victim notification system.  Chairperson Tate concluded the assessment of whether Balsewicz had served sufficient time to not depreciate the seriousness of the offense had to be

---

[2] All references to the Wisconsin Administrative Code are to the December 2011 version unless otherwise noted.  We note that there have been no changes to WIS. ADMIN. CODE § PAC 1.07 since 2011 and this was the version in effect during Balsewicz's parole proceedings.

reevaluated in the context of receiving victim feedback from N.B. or the ample opportunity for her, or other statutory victims, to provide feedback.

¶6    Balsewicz requested a hearing on Chairperson Tate's decision, which was held before Bryan K. Hayes, an administrative law judge (ALJ) and Administrator of the Division of Hearings and Appeals (DHA), in August 2022. In September 2022, Administrator Hayes issued a decision that recommended sustaining Chairperson Tate's rescission of the grant of Balsewicz's parole based on inadequate victim notification procedures, finding that there was a change of circumstances justifying Chairperson Tate's decision to rescind the grant of parole. In October 2022, the new Chairperson, Christopher Blythe, issued the final decision adopting and incorporating the recommendations of Administrator Hayes, and concluding that rescission of Balsewicz's grant of parole was required.

¶7    Balsewicz filed a petition for writ of certiorari in December 2022, for judicial review of the decision rescinding the grant of his parole. The circuit court affirmed Chairperson Blythe's decision in August 2023.

¶8    Balsewicz now appeals.

## DISCUSSION

¶9    On certiorari review of a parole rescission, the appellate court reviews the chairperson of the Wisconsin Parole Commission's decision, not that of the circuit court. *State ex rel. Greer v. Wiedenhoeft*, 2014 WI 19, ¶34, 353 Wis. 2d 307, 845 N.W.2d 373. The appellate court's scope of review is limited to whether the chairperson: (1) kept within the Commission's jurisdiction; (2) acted according to law; (3) whether the chairperson's "action was arbitrary, oppressive or unreasonable and represented [] will and not [] judgment"; and (4) whether "the

4

evidence was such that it might reasonably make the order or determination in question." *State ex rel. Purifoy v. Malone*, 2002 WI App 151, ¶13, 256 Wis. 2d 98, 648 N.W.2d 1. These four inquiries are questions of law that we review independently. *State ex rel. Curtis v. Litscher*, 2002 WI App 172, ¶10, 256 Wis. 2d 787, 650 N.W.2d 43.

¶10 Balsewicz appeals on multiple grounds: he asserts that Chairperson Blythe did not act according to law or within his jurisdiction, and he contends that Chairperson Blythe's decision was arbitrary and not supported by substantial evidence. Balsewicz also raises multiple new arguments for the first time in this appeal, we decline to address the merits of those forfeited arguments. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 678, 556 N.W.2d 136 (Ct. App. 1996) (explaining that issues raised for the first time on appeal are generally not addressed). We discuss Balsewicz's forfeited arguments after our analysis of the arguments properly within our review.

¶11 First, we address whether Chairperson Blythe stayed within the Commission's jurisdiction and acted according to law when he issued the final decision rescinding Balsewicz's parole. The administrative procedure to rescind a parole grant required by a change of circumstances is governed by WIS. ADMIN. CODE § PAC 1.07(7). It provides:

> If there is a change in circumstances, requiring a denial of the grant or order, subsequent to the issuance of a parole grant or release to extended supervision order but prior to release, the inmate shall be provided written notice of the reasons for rescission and a summary of the evidence supporting the reasons for rescission. The inmate shall be given an opportunity to appear and be heard by an impartial hearing examiner from the division of hearings and appeals in the department of administration. At the hearing the inmate shall be given the right to present witnesses and evidence which are material, relevant, and not unduly repetitious, the right to confront and cross-examine

witnesses against the inmate, the right to receive a written statement of the evidence relied upon, and the right to be represented by counsel. After a review of the findings of fact, conclusions of law, and recommendation of the hearing examiner, the chairperson shall make a final decision.

¶12 Chairperson Blythe argues that he had authority to rescind the grant of parole, he used a proper legal standard, and Balsewicz was afforded procedural protections under the administrative rules. Balsewicz argues that any systemic failures in victim notification procedures for minor victims did not constitute a change of circumstances requiring rescission.

¶13 Resolving this issue requires us to interpret WIS. ADMIN. CODE § PAC 1.07(7). "The interpretation of an administrative rule or statute presents a question of law subject to independent appellate review." *State ex rel. Griffin v. Smith*, 2004 WI 36, ¶18, 270 Wis. 2d 235, 677 N.W.2d 259.[3] "We interpret an administrative regulation using the rules of statutory interpretation." *Piper v. Jones Dairy Farm*, 2020 WI 28, ¶13, 390 Wis. 2d 762, 940 N.W.2d 701. "As a general rule, courts apply the ordinary and accepted meaning of language in statutes unless it leads to an absurd result." *Seider v. O'Connell*, 2000 WI 76, ¶32, 236 Wis. 2d 211, 612 N.W.2d 659 (citation omitted). "If the meaning of the statute is plain, we ordinarily stop the inquiry." *Id.*, ¶43. Accordingly, we look at

---

[3] Because Balsewicz's petition was brought under common law certiorari, we decline to address whether any deference was owed to Chairperson Blythe and the Commission's decision. *See Amazon Logistics, Inc. v. LIRC*, 2023 WI App 26, ¶23, 407 Wis. 2d 807, 992 N.W.2d 168 ("[T]his court has not consistently applied the principle of due weight asserted in *Tetra Tech* in cases in which the review of an agency decision is not governed by WIS. STAT. ch. 227."); *see also Tetra Tech EC, Inc. v. DOR*, 2018 WI 75, ¶106, 382 Wis. 2d 496, 914 N.W.2d 21; *Coleman v. Percy*, 96 Wis. 2d 578, 588, 292 N.W.2d 615 (1980) ("[R]efusal to grant parole may be reviewed by common law certiorari.").

the plain language of § PAC 1.07(7) to determine its meaning. *See Piper*, 390 Wis. 2d 762, ¶13.[4]

¶14    At its ordinary meaning, WIS. ADMIN. CODE § PAC 1.07(7) provides a process by which the Commission reacts to a change of circumstances requiring rescission of a parole grant before an inmate has been released, but after parole has been granted.[5]  Further, the rule provides the chairperson with the final authority over the decision when a change of circumstances requires rescission.  Neither the rules nor the underlying statues under which these rules were promulgated, WIS. STAT. §§ 227.11(2), 304.06(1)(e), and 304.06(1)(em), provide factors or criteria for evaluating what constitutes a change of circumstances requiring rescission. Further, we note that both sections under ch. 304 discuss victim notification and input.  Section 304.06(1)(em) provides that the Commission "shall promulgate

---

[4] Although Balsewicz objected to the Commission's interpretation of the change of circumstances rule in WIS. ADMIN. CODE § PAC 1.07(7), he did not develop an argument that the rule conflicted with the statutes.  For the first time on appeal, he reaches some of these arguments; however, we decline to develop or address arguments not raised before the administrative agency. *See State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 678, 556 N.W.2d 136 (Ct. App. 1996).

[5] This court is also guided by any previous published decisions on this rule.  In the only published decision discussing the rescission for change of circumstances in WIS. ADMIN. CODE § PAC 1.07, this court concluded that under the facts of that case, it would neither determine the meaning of "circumstances" that would require a parole rescission nor would we "otherwise consider possible substantive limitations on a chairperson's parole rescission authority." *State ex rel. Purifoy v. Malone*, 2002 WI App 151, ¶20 n.9, 256 Wis. 2d 98, 648 N.W.2d 1.  Although Chairperson Blythe advocates that this decision means there are no limitations, we understand *State ex rel. Purifoy* as deciding that the meaning of change of circumstances did not need to be determined to resolve that case.  However, as all of Balsewicz's arguments for substantive limitations were made for the first time on appeal, we decline to address his arguments on limitations beyond his position that the failure to notify N.B. did not require rescission. *See State ex rel. Rothering*, 205 Wis. 2d at 678.

We note that *State ex rel. Purifoy* discussed the January 1993 version of the change of circumstances provision of the Commission's administrative code.

rules that provide a procedure to allow any person who is a victim, or a family member of a victim … to have direct input in the decision-making process for parole" for crimes including second-degree intentional homicide, of which Balsewicz was convicted. Therefore, we agree with Chairperson Blythe's position that the change of circumstances requiring rescission was satisfied by the failure in victim notification, specifically for N.B.

¶15 With that understanding of the PAC rule, we examine the record to determine whether Chairperson Blythe acted according to law and stayed within the Commission's jurisdiction. The record reflects that Balsewicz received a written notice of the rescission setting forth Chairperson Tate's reasons for initially rescinding the grant—namely the failure to provide N.B. an opportunity to offer input to the Commission on Balsewicz's parole request. The notice also explained a gap in the administration of victim notification. Balsewicz received a hearing on August 18, 2022, before a DHA ALJ. The ALJ stated the standards for rescission for a change of circumstances and his status as an impartial examiner. The ALJ heard testimony from Chairperson Tate and Elizabeth Lucas, the director of the Department of Corrections (DOC) Office of Victim Services and Programs. Then Chairperson Blythe reviewed the ALJ's written decision, which thoroughly discussed the facts related to the change of circumstances as well as the legal basis for the rescission, and recommended that the parole grant be rescinded. Chairperson Blythe made the final decision to rescind the parole grant.

¶16 We conclude that Balsewicz was accorded the proper legal process set forth in the administrative code for rescission required by a change of circumstances. The record reflects that Chairperson Blythe considered the facts, legal conclusions and recommendation of the impartial hearing examiner. Chairperson Blythe exercised the final decision in the matter. Therefore, we

conclude that Chairperson Blythe acted according to the law and did not exceed his jurisdiction when he decided to rescind Balsewicz's parole.

¶17 Second, we address whether Chairperson Blythe's decision was arbitrary, representing his will and not his judgment, and whether there was substantial evidence to support his decision. Balsewicz argues that political pressure from the governor influenced Chairperson Blythe's decision making it arbitrary and unreasonable. He also argues there was no evidence of a "change in circumstances" that required rescission. We conclude that these arguments are not supported by the record.

¶18 "An agency's decision is not arbitrary and capricious and represents its judgment if it represents a proper exercise of discretion." *Von Arx v. Schwarz*, 185 Wis. 2d 645, 656, 517 N.W.2d 540 (Ct. App. 1994). An exercise of "discretion is a reasoning process" based on consideration of relevant facts and reasonable inferences of those facts "'and a conclusion based on a logical rationale founded upon proper legal standards.'" *Van Ermen v. DHSS*, 84 Wis. 2d 57, 65, 267 N.W.2d 17 (1978) (citation omitted).

¶19 On certiorari review, we do not substitute our judgment for that of the chairperson and Commission, we inquire only whether substantial evidence supports their decision. *Von Arx*, 185 Wis. 2d at 656. "Substantial evidence is evidence that is relevant, credible, probative, and of a quantum upon which a reasonable fact finder could base a conclusion." *Cornwell Personnel Assocs., Ltd. v. LIRC*, 175 Wis. 2d 537, 544, 499 N.W.2d 705 (Ct. App. 1993). This court is not in the position to weigh the evidence in a rescission case and "may not substitute its view of the evidence for that of the [chairperson]." *Van Ermen*, 84 Wis. 2d at 64. If there is substantial evidence, "we must affirm even though there

is evidence that may support a contrary determination." ***State ex rel. Warren v. Schwarz***, 211 Wis. 2d 710, 726, 566 N.W.2d 173 (Ct. App. 1997), *aff'd*, 219 Wis. 2d 615, 579 N.W.2d 698 (1998).

¶20     The record reflects that during the hearing before the ALJ, Balsewicz questioned Chairperson Tate on the role of politics and the governor's influence over his decision to rescind his parole grant. Chairperson Tate acknowledged that the governor's office brought to his attention the failure to notify N.B. of Balsewicz's parole request or to offer her an opportunity to provide input. However, Chairperson Tate also testified that there was a breakdown in the administrative process to notify victims, such as N.B., who was a minor child at the time of the offense. Chairperson Tate stated that he believed the notice problem constituted a change of circumstances warranting rescission of the parole grant. Director Lucas testified about the procedures by which victims of crimes sign up for parole notification and explained that there had been no mechanism to enroll minor victims in notification after they reached adulthood.

¶21     We conclude that Chairperson Blythe's final decision on rescission was made upon a rational basis and not an arbitrary or irrational choice. *See **Van Ermen***, 84 Wis. 2d at 64-65. Chairperson Blythe relied upon the testimony of Chairperson Tate and Director Lucas. Chairperson Tate testified that one consideration in granting parole is gathering information to determine whether parole at this time would depreciate the seriousness of the offense. He also testified that a parole decision must be evaluated in the context of receiving victim feedback, or at minimum, providing an opportunity for feedback. Balsewicz speculates that the governor's influence turned this rescission into an arbitrary, political decision. However, his speculation does not negate that Chairperson Blythe considered the relevant facts in this matter under the proper standards of

law to determine whether the grant of parole or rescission of parole was required. Chairperson Blythe's reasoning process constituted a proper exercise of discretion. *Id.*

¶22   Balsewicz also argues that there was no evidence to support Chairperson Blythe's decision.  We disagree.  The record reflects that Chairperson Blythe had ample, "relevant, credible, [and] probative" evidence upon which he could base his decision as "a reasonable fact finder."  *Cornwell Personnel Assocs.*, 175 Wis. 2d at 544.  Chairperson Tate's testimony provided the ALJ and Chairperson Blythe with a reasonable basis to determine that the failure to notify N.B. and give her an opportunity to offer input on the parole request was a change of circumstances that required rescission.  Although Balsewicz again speculates about political influence, there is substantial evidence to support the chairperson's decision and "we must affirm even though there is evidence that may support a contrary determination." *State ex rel. Warren*, 211 Wis. 2d at 726.

¶23   Therefore, we conclude that Balsewicz's claim fails.  We affirm the circuit court's order sustaining Chairperson Blythe's decision to rescind Balsewicz's parole.

¶24   Finally, we address the arguments that Balsewicz raises for the first time on appeal, which includes: (1) that he was denied due process by the Commission's failure to inform him of the standards for parole rescission, (2) that WIS. ADMIN. CODE § PAC 1.07(7) is unconstitutional, (3) that § PAC 1.07(7) violates the due process rights of all putative parolees because it does not require the "change in circumstances" to be rooted in the criteria for parole under WIS. ADMIN. CODE § PAC 1.06(16) and be within the prisoner's control, (4) that § PAC 1.07(7)'s process does not provide for an impartial decision-maker, (5) that having

the chairperson have sole authority renders all rescission decisions flawed from a due process standpoint, (6) that the rescission was based on non-statutory criteria, (7) that the victim notification statutes only require victims be notified before the first parole hearing and this was the fifth hearing, (8) that victims' input is only considered if they request to provide input and that input is timely, (9) that the Commission did not have jurisdiction to determine whether victim's rights were violated or how any violations should be remedied, (10) that the DOC was the proper agency to review victims' rights deprivation claims, and (11) that N.B.'s input would be cumulative to other family opposed to a grant of parole.[6]

¶25   Chairperson Blythe and the Commission argue that Balsewicz has forfeited these issues for appellate review by failing to raise them at an earlier stage in the proceedings. "It is settled law that to preserve an issue for judicial review, a party must raise it before the administrative agency." *Bunker v. LIRC*, 2002 WI App 216, ¶15, 257 Wis. 2d 255, 650 N.W.2d 864. The "inmate bears the burden of clearly presenting the issue for the record by raising the issue during the hearing or during the administrative appeal." *State ex rel. Curtis*, 256 Wis. 2d 787, ¶18. A failure to raise an issue before an administrative agency generally forfeits the issue for appellate review. *LaBeree v. LIRC*, 2010 WI App 148, ¶33, 330 Wis. 2d 101, 793 N.W.2d 77.

¶26   Although the forfeiture rule is "one of administration, not of power," the reviewing court may choose to decide issues not raised before the administrative agency when "all the necessary facts are of record and the issue is a

---

[6] To the extent that we have not listed an argument from Balsewicz, we also conclude that it is a new argument offered for the first time on appeal and we decline to address it.

legal one of great importance[.]" ***Bunker***, 257 Wis. 2d 255, ¶¶15-16. Balsewicz argues that the issues he presents are purely questions of law without any additional findings of fact or exercises of discretion. In ***Bunker***, this court chose "to review Bunker's claims of error only to determine whether the hearing before the ALJ violated his right to procedural due process, as he claims." ***Id.***, ¶18. That is not the situation here. Balsewicz essentially argues that the entire process is flawed. The appellate review of a certiorari decision is limited in scope. ***State ex rel. Purifoy***, 256 Wis. 2d 98, ¶13. We decline to apply an exception to our practice of forfeiting newly raised claims.

## CONCLUSION

¶27 For the reasons stated above, we affirm the circuit court order sustaining Chairperson Blythe's decision to rescind Balsewicz's grant of parole. We conclude that Chairperson Blythe kept within the Commission's jurisdiction, acted according to law, was not acting in an arbitrary manner without a rational basis, and that substantial evidence supported the decision.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.